Filed 4/2/13  P. v. Ervin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B241960 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA081235) |
| v. | |
| FRANK LEROY ERVIN, | |
| Defendant and Appellant. | |

THE COURT:*

Appellant Frank Leroy Ervin (Ervin) appeals from the judgment entered following his conviction upon a plea of nolo contendere.

***Statement of the Case***

An information filed November 23, 2011, charged Ervin with one count of vehicle taking (Veh. Code, § 10851, subd. (a)) and one count of evading an officer (Veh. Code, § 2800.2, subd. (a)) and with allegations of five strike priors.  (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)  Ervin waived his right to counsel and represented himself.  On November 29, 2011, he pleaded not guilty to both counts and denied the allegations.

---

\*      BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

Ervin then filed two written motions to suppress evidence on the ground that the search and his arrest were effected without a warrant. Evidence was taken; the motions were argued; and the trial court denied the motions, concluding that there was probable cause for Ervin's detention and arrest.

The parties stipulated to amend the information to add count 3, charging Ervin with violation of Penal Code section 496d, receiving a stolen vehicle. Pursuant to a plea agreement, the prosecution dismissed all but one of the alleged strike priors; Ervin pleaded nolo contendere to count 3, and was sentenced on June 7, 2012, to an agreed mid-term of two years, doubled to four years for one strike prior, with a waiver of presentence custody credits. Notice of appeal was filed June 7, 2012.

### Factual Background

At around 3:00 p.m. on May 26, 2011, Los Angeles Sheriff's Deputies Matthew Wheatcroft and Shaun Kennedy were on patrol at 112th Street and Vermont Avenue when they passed by a Hyundai vehicle driven by Ervin. As part of his normal patrol routine, Deputy Kennedy ran a random license plate check on a Hyundai vehicle, which came back showing the plates were lost or stolen and belonged to a 2011 Ford vehicle. Stolen license plates affixed to another vehicle are an indication that that vehicle may be stolen. The officers made a U-turn to follow the Hyundai and confirmed with dispatch that the plates were lost or stolen. Gloria Guzman testified that the subject plates were for her 2011 Ford; she reported them stolen on April 25, 2011.

Deputy Wheatcroft followed the Hyundai southbound on Vermont Avenue and activated his forward-facing red lights. When the Hyundai did not pull over, Deputy Wheatcroft hit the siren a few times. The deputies followed the Hyundai eastbound on Imperial Highway and the Hyundai moved into the center passing lane and sped up. Deputy Wheatcroft activated his full rotating lights and siren, and the Hyundai sped away at speeds unsafe for traffic conditions. The deputies requested assistance from additional units and radioed a description of the driver, a Black male, age 30 to 40, with his hair in braids or corn rows.

An air support unit joined in the pursuit and established "eyes on" the Hyundai. The ground pursuit was called off due to the Hyundai's disregard for public safety, but the air unit maintained surveillance of the Hyundai. The vehicle pulled into a driveway and an unknown number of individuals got out. After about one minute, the Hyundai reversed out of the driveway at high speed and took off again. Soon afterwards, the Hyundai collided with a small pickup truck and came to a stop at Hatchway Street and Aranbe Avenue. The pilot of the air unit observed one individual, a male with braids, exit the passenger door and run westbound on Hatchway Street. He did not lose sight of the vehicle at any time after the collision. The driver of the pickup truck, a male Hispanic, saw the driver of the Hyundai, a light-skinned Black male, exit the passenger door of the Hyundai and take off running. Only one person exited the Hyundai at the scene of the crash.

Assisting units arrived at the scene of the collision and bystanders directed them to the rear of a residence, saying, "'He ran this way.'" A Black male wearing a tan shirt was observed running through a rear yard. The bystanders reported that after the collision, a Black male jumped out of the Hyundai and ran through the yard.

Deputy Carlos Mejia arrived at the scene of the traffic collision and drove his patrol car slowly through the area, looking for a subject matching the description broadcast over the radio, a Black male with braided hair and a brown shirt. Deputy Mejia observed Ervin walking about one block south from where the suspect was last seen. When Deputy Mejia pulled up next to Ervin, Ervin immediately put his hands in the air. Deputy Mejia placed Ervin under arrest. Another patrol unit transported Ervin back to the scene of the automobile collision, where Deputies Wheatcroft and Kennedy identified him as the driver of the Hyundai. Deputy Wheatcroft positively identified Ervin as the driver of the Hyundai.

Law enforcement radio traffic contained a statement that someone reported that a male Hispanic bailed out of the driver's side of the Hyundai.

*Discussion*

Counsel was appointed to represent Ervin in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On January 2, 2013, we advised Ervin that he had 30 days within which to personally submit any contentions or issues for us to consider. No response has been received to date.

After reviewing the entire record, we conclude that it provides a factual basis to support the conviction, which was entered upon a plea of nolo contendere. Regarding the trial court's order denying Ervin's motion to suppress, we find no error. (*People v. Superior Court* (*Chapman*) (2012) 204 Cal.App.4th 1004, 1011.) The trial court heard the evidence and determined that the police officers rightly ran the license plate check without probable cause. Once the license plate check came back as a "hit," namely as the vehicle having stolen plates, the police officers then had probable cause to stop that vehicle. And, once Deputy Wheatcroft and Deputy Kennedy identified Ervin as the driver, there was probable cause to arrest him.

We are satisfied that Ervin's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.